IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDURADO PASTRANA,

        Plaintiff,

v.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

        Defendant.

        /

No. CIV.S-05-01981 GGH

ORDER

        Presently pending before the court is defendant's motion to quash two subpoenas served by plaintiff on third parties, Dr. Diane Wolfe and Caltrans. Plaintiff opposes defendant's motion to quash.

I. BACKGROUND

        Plaintiff filed the present action with this court on September 29, 2005, pursuant to 42 U.S.C. § 405(g), seeking reversal of defendant's denial of plaintiff's claim for disability benefits under Title II of the Social Security Act (the "Act"), or alternatively, remand for consideration of "newly discovered, material evidence." See Plaintiff's Opposition to

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security, replacing Jo Anne B. Barnhart, the original defendant herein. Pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in this action.

1

Defendant's Motion to Quash Plaintiff's Subpoena ("Oppo."), at 1:21-25.

According to plaintiff, he was medically terminated from his job at Caltrans in 2002 based on, among other things, a medical examination conducted by Dr. Diane Wolfe. Plaintiff claims the employment termination notice and Dr. Wolfe's medical report were not part of the record below, and that plaintiff has never been given a copy of Dr. Wolfe's report. The subpoena to Dr. Wolfe includes requests for "any and all medical records, notes, reports, or writings of any kind . . . pertaining to the [plaintiff]." See Exhibit 1 to Defendant's Motion to Quash Plaintiff's subpoena. The subpoena to Caltrans includes requests for plaintiff's "entire non-privileged personnel file . . . including . . . all payroll and wage information." Id. Plaintiff does not contend that these documents were unavailable during the administrative proceedings. Rather, plaintiff argues that his representative at the time was incompetent and failed to request them.[2] Plaintiff's current counsel now seeks to obtain these documents from Caltrans and Dr. Wolfe via subpoena.[3] See Oppo., at 2:1-10. Plaintiff seems to suggest that the employment-related records regarding his medical termination from Caltrans should have been reviewed by the ALJ and/or the Appeals Council.[4]

Defendant objects to the subpoenas and asks the court to quash them. Defendant argues that this court's review of the Commissioner's decision should be based only on the administrative record, and not on information obtained through discovery. See 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record a

---

[2] Plaintiff comments that his representative at the time, unbeknownst to plaintiff, had been disbarred.

[3] Plaintiff explains that Dr. Wolfe has responded to the subpoena, indicating that she has no records pertaining to plaintiff, and that such records are in the possession of the State of California.

[4] On January 26, 2001, the ALJ found that plaintiff was not under a disability during the relevant time period through the date of the decision. The Appeals Council remanded the case to an ALJ for further evaluation of plaintiff's claim beyond "Step 2." On March 15, 2005, the ALJ issued another decision finding that while plaintiff was unable to perform his past work as an electrician, he had the residual functional capacity to perform a range of light work.

judgment . . . .") (emphasis added). Based on the statutory directives of section 405(g), defendant argues that attempts to obtain discovery, like the subpoenas served by plaintiff, are not permitted by the Act.[5]

II. ANALYSIS

Defendant is correct in its assertion that discovery is very rarely permitted in actions seeking review of a Social Security disability determination. Hummel v. Heckler, 736 F.2d 91, 93 (3rd Cir. 1984). "Section 405(g) provides for judicial review of decisions by the Secretary adverse to a claimant for Social Security benefits. The statute limits factual review to determining whether the Secretary's findings are supported by substantial evidence." Id. (quoting 42 U.S.C. § 405(g)). This statutory directive concerning the scope of the court's review makes discovery generally unnecessary. This does not, however, mean that it is never permitted.

In Hummel, the court permitted the claimant to conduct discovery to determine whether the ALJ was subject to a policy under which the Agency allegedly discouraged awarding benefits. Because claimant's allegation bore upon a claim of possible bias by ALJ, the fundamental fairness of the administrative proceeding was implicated. Id., at 94-95. The court therefore permitted discovery so that the claimant could attempt to convince the district court that a remand to the Secretary for the taking of new evidence was appropriate. Id. at 95.

Similarly, in Dawson v. Bowen, 136 F.R.D. 618, 620 (S.D. Ohio 1988), the court allowed the claimant to conduct discovery on the issue of whether the Secretary failed to carry out his statutory duty of certifying the entire record. In that case, the claimant asserted that the Secretary's decision was improperly based on matters outside the record, and that the Secretary had failed to carry out his statutory duty when he certified the record. Id. at 620. The court allowed plaintiff to conduct discovery on that issue, concluding "that the plaintiff was entitled to

---

[5] In further support of its position, defendant cites Fed. R. Civ. P. 26(a)(1)(E)(i), which precludes from the Rule's initial disclosure requirements "an action for review of an administrative record."

3

1 contest the accuracy of the Secretary's certification that the documents before the Court

2 constituted the entire administrative record." Id. at 620.  The court, however, noted the very

3 limited ways in which new evidence functions at the level of district court review:

> Evidence other than that contained in the administrative record can be submitted only for the limited purpose of securing a remand to consider newly discovered, material evidence. Even then, the court does not consider whether that new evidence is sufficient to change the Secretary's decision, but remands the case so that the Secretary may consider whether the evidence is sufficiently persuasive to change the result of the case.

Id. at 620 (citing 42 U.S.C. § 405(g)).

Based on these limits placed on the district court's review of the Commissioner's decision, some courts have denied discovery requests.  In Sisco v. Shalala, 860 F. Supp. 185, 190 (D.N.J. 1994), the court denied the claimant's discovery requests for documents that "would disclose instances where the Secretary has granted retroactive social security survivors' benefits for a time period greater than the period referred to in the relevant statutory provisions or administrative decisions" and "documents upon which the SSA relied in denying Ms. Sisco benefits." Id., at 190, n.6.  The court noted that even though "the court may 'at any time order additional evidence to be taken,' it can only do so based upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .." Id. (citing Hummel, 736 F.2d at 93).  Because the claimant in Sisco failed to show that "new evidence exist[ed] which was material" or that "there was good cause for the failure to incorporate such evidence in the prior record," the court denied discovery. Id., at 190.

New evidence is "material," if the court finds a reasonable possibility that considering the evidence would have changed the disability determination.[6]  See Booz v. Sec'y of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984).  Unless it is probative of

---

[6] Evidence is not deemed immaterial solely by the date it was created.  Later dated evidence may have substantive impact on a preceding period.

4

plaintiff's condition *at or before the disability hearing*, new evidence is not material. See 42 U.S.C. § 416(i)(2)(G); Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511-12 (9th Cir. 1987) (holding that new evidence was not material because it related to a medical condition not significantly at issue at time of hearing).[7]

"Good cause" requires more than "simply . . . obtaining a more favorable report from an expert witness once [a] claim is denied. The claimant must establish good cause for not seeking the expert's opinion prior to the denial. . . ." Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir. 1990) (citing Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir.1985). For example, good cause exists if new evidence earlier was unavailable. Embrey v. Bowen, 849 F.2d 418, 423-24 (9th Cir. 1988).

Plaintiff's medical termination from his previous job as an electrician for Caltrans would seem to be quite relevant to the issue of whether plaintiff is disabled. Further, plaintiff's attempt to obtain information from the subpoenaed third-parties differs in one important respect from the cases discussed above. In Hummel, Dawson, and Sisco, the claimants sought information directly from the Commissioner. In fact, the court in Hummel, limited its holding to "cases . . . where information relating to . . .the fundamental fairness of the agency hearing is in the possession of the government." Hummel, 736 F.2d at 95.

Here, plaintiff does not seek information in the government's possession. In fact, defendant misses that point when it argues that plaintiff may obtain such records by visiting his local Social Security office. See Defendant's Motion to Quash, at 3:4-8. Because the requested employment-related records are not in defendant's possession, plaintiff has sought to obtain them by subpoena. Moreover, plaintiff is not seeking testimony by way of requested discovery – only records which should have been presented to the ALJ in the Commissioner's non-adversarial

---

[7] When new evidence reflects plaintiff's current condition but is not probative of a condition at the time of the initial determination, the correct procedure is to reapply for benefits. See Ward v. Schweiker, 686 F.2d 762, 765-66 (9th Cir. 1982).

administrative proceeding.  Deciding the merits of disability on the entire record is not such a bad thing.

Again, it appears that plaintiff wishes to obtain this information in order to craft or bolster his argument that remand is appropriate.  Without passing on whether the evidence is material or otherwise supports a remand, the court denies defendant's motion to quash, and will permit the third parties to respond to plaintiff's subpoenas.

III. CONCLUSION

In accordance with the foregoing, defendant's motion to quash, filed March 19, 2007, is denied.

SO ORDERED.

Dated: 4/9/07                              /s/ Gregory G. Hollows
                                           _____
                                           UNITED STATES MAGISTRATE JUDGE

GGH:mb
Pastrana.1981.SS.qsh.sub.